IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phyllis Lavern Allen, | Civil Action No. 2:13-2740-RMG-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America and Steven Swift, | |
| Defendants. | |

This case was originally filed by the pro se Plaintiff against the Department of Veterans Affairs, asserting a medical claim against that agency. In a Report and Recommendation issued November 14, 2013, it was noted that to the extent Plaintiff had intended to bring this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] her case was subject to dismissal because Bivens claims cannot be brought against agencies of the Federal Government. That Report and Recommendation further noted that, if Plaintiff's Complaint was construed as having been brought pursuant to the Federal Tort Claims Act (FTCA),

---

[1]In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

1



there were no allegations that Plaintiff had exhausted her administrative remedies as required by that Act prior to filing her lawsuit. See 28 U.S.C. § 2675(a), 28 U.S.C. § 2401(b); see also 28 C.F.R § 14.9(a).

However, Plaintiff was also advised in that Report and Recommendation that if she had satisfied the requirements for exhausting a claim under the FTCA, she should submit her arguments and supporting documents as objections to the Report and Recommendation, together with a request that the United States be substituted as the party defendant in this case; see Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975) [A suit under the FTCA lies only against the United States]; and Plaintiff did file an objection that included supporting documents evidencing her attempt to exhaust her claim under the FTCA. Further, to cure the defect of having failed to name a proper party for purposes of a Bivens claim, Plaintiff stated in her objection that the "individual to be sued is Dr. Swift and his team from MUSC".

The matter was then remanded to the undersigned, and in an Order filed May 16, 2014, the Court directed that the United States of America be substituted as the party Defendant for the Department of Veteran's Affairs for purposes of Plaintiff's FTCA claim. Plaintiff was further advised in that order that if she wanted to assert a Bivens claim against "Dr. Swift" or any other individual, she needed to amend her Complaint to add that Defendant and provide a proposed Summons form to the Court. Plaintiff was also reminded that she was responsible for service of process under Rule 4, Fed.R.Civ.P. Plaintiff thereafter filed a motion to amend her Complaint to add Dr. Swift as a party Defendant along with the required service documents, and Plaintiff's motion was



granted by Order filed June 6, 2014.[2]

Both of the Defendants filed motions to dismiss Plaintiff's claim pursuant to Rule 12, Fed. R.Civ.P., following which a <u>Roseboro</u> Order was entered by Court on October 1, 2014. The <u>Roseboro</u> Order specifically advised Plaintiff of the importance of a dispositive motion, and of the need for her to file an adequate response. Plaintiff thereafter filed a response in opposition to the Defendants' motions on October 16, 2014. These motions are now before the Court for disposition.[3]

**Allegations of the Complaint**

Plaintiff alleges in her verified complaint, <u>in</u> <u>toto</u>, as follows:

> I had a hysterectomy performed on me at VA Charleston 12/2001. I found out in 2009 that they removed my left ovary without my knowledge, nor did they treat me for the removal. They diagnosed me with severe depression.
>
> Dr. Swift and his team. Dr. "Liverman"[4] from the Weaverly Place Family Practice drew my blood. The result came back [unintelligble] stated by my symptom were [sic] classic symptom of menopause. They were only supposed to remove the fibroids. Not understanding what wrong with me having hot flashes, anxiety, crying all the time. They placed me on Effexor XR, Buspirone, & Trazodone because they don't want to admit what they did. ImageCare stated the left ovary is not identified, and maybe surgically absent as well. I have been going round and round with the VA. They took my livelyhood from me.

---

[2]Plaintiff also sought in her motion to add another individual, Michael Miller, as a party defendant. That part of Plaintiff's motion to amend was denied, as Plaintiff had not submitted a new complaint (instead she only asked that Swift and Miller be added as party defendants to the caption of her Complaint), and her Complaint contained no allegations against or involving a Michael Miller.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[4]Presumed spelling - largely illegible.

3



Plaintiff seeks monetary damages.  See generally, Plaintiff's Complaint.

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

### (Defendant United States of America)

The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment. Under this Act, a plaintiff may recover a monetary award from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope...of employment." 28 U.S.C. § 1346(b).  This includes claims under the FTCA for medical malpractice. See Littlepaige v. United States, 528 Fed.Appx. 289, 291-292 (4th Cir. 2013).  Of particular importance to the claim asserted here, whether any government employee



was negligent is to be determined "in accordance with the law of the place where the act or omission occurred," here the State of South Carolina. 28 U.S.C. § 1346(b)(1).

To establish a cause of action for medical malpractice in South Carolina, a plaintiff must prove the following facts by a preponderance of the evidence:

(1) The presence of a doctor-patient relationship between the parties;

(2) Recognized and generally accepted standards, practices, and procedures which are exercised by competent physicians in the same branch of medicine under similar circumstances;

(3) The medical or health professional's negligence, deviating from generally accepted standards, practices, and procedures;

(4) Such negligence being a proximate cause of the plaintiff's injury; and

(5) An injury to the plaintiff.

See Brouwer v. Sisters of Charity Providence Hospitals, 763 S.E.2d 200, 203 (S.C. 2014)(citing 27 S.C. Jur. Med. & Health Prof'ls § 10 (2014) (footnotes omitted); Smith v. United States, 119 F. Supp. 2d 561 (D.S.C. 2000)).[5] Additionally, as the Defendant correctly notes in its brief, in order to pursue a malpractice claim in South Carolina a plaintiff is first required to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ."; see S.C. Code Ann. § 15-36-100; and a

---

[5]Medical malpractice is a category of negligence, but differs from a claim of ordinary negligence. Cf. Dawkins v. Union Hosp. Dist., 758 S.E.2d 501, 503-504 (S.C. 2014) [Distinguishing between claims of medical malpractice and ordinary negligence]. Plaintiff's claim here is obviously one for medical malpractice, not for ordinary negligence, because it involves the alleged "failure of a physician to exercise that degree of care and skill that is ordinarily employed by the profession under similar conditions and in like surrounding circumstances". Turbeville v. Wilson, No. 05-517, 2005 WL 7084352, at * 3 (S.C. Ct. App. Sept. 12, 2005) [Setting forth definition of a medical malpractice claim in South Carolina].



failure to file such an affidavit with the Complaint requires dismissal of the case in state court. See Rotureau v. Chaplin, No. 09-1388, 2009 WL 5195968, at * 6 (D.S.C. Dec. 21, 2009).[6]

Although Plaintiff's claim has been filed in federal court under the FTCA, and not in state court, the filing of such an affidavit is nevertheless a mandatory prerequisite to the filing of a malpractice claim against the United States under the FTCA in this District. See Chappie v. United States, No. 13-1790, 2014 WL 3615384 at * * 1, 5 (D.S.C. July 21, 2014); Jelks v. United States, No. 12-3451, 2014 WL 1096301 at * 3 (D.S.C. Mar. 19, 2014); Millmine v. Harris, No. 10-1595, 2011 WL 317643 (D.S.C. Jan. 31, 2011) [Holding that pre-suit notice and expert affidavit requirements in S.C. Code Ann. § 15-36-100 and 15-79-125 are the substantive law in South Carolina]; Oakman v. Lincare, Inc., No. 13-428, 2013 WL 3549849 (D.S.C. July 10, 2013). Plaintiff does not dispute in her response filed in opposition to the United States' motion to dismiss that she was required to file an affidavit of an expert witness together with her Complaint in order to proceed with her tort claim. Indeed, she does not address this issue at all. Cf. Burns v. Air Liquide America, LP, 515 F.Supp. 2d 748, 759, n. 9 (S.D.Tex. 2007)[Undefended claims regarded as abandoned].

Therefore, the Defendant United States is entitled to dismissal of Plaintiff's malpractice claim asserted under the FTCA. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While

---

[6]Although there is a "common knowledge" exception to the affidavit requirement, that exception only applies where the claim "is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." Brouwer, 763 S.E.2d at 203-204 (citing Carver v. Med. Soc'y of S.C., 334 S.E.2d at 125, 127 (S.C.Ct.App. 1985)). This occurs where "the defendant's [alleged] careless acts are quite obvious, [such that] the plaintiff need not present expert testimony to establish the standard of care." Brouwer, 763 S.E.2d at 204. The "common knowledge" exception would not apply here, as the gravamen of Plaintiff's claim is that she did not receive proper medical care and attention during surgery and also with respect to her subsequent care, including whether in fact Plaintiff even had an ovary removed during her surgery. See Complaint; see also Plaintiff's Exhibit N and n 7, infra.

6



the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Jelks, 2014 WL 1096301, at * 3 [Before filing or initiating a claim for medical malpractice in South Carolina, a plaintiff must contemporaneously file a "notice of intent to file suit" and expert affidavit which identifies at least one negligent act or omission claimed to exist].

## II.

### (Bivens Claim Against Dr. Swift)

To pursue a Bivens claim against the Defendant Swift (for purposes of Swift's Rule 12 Motion to Dismiss), Plaintiff's Complaint must contain factual allegations sufficient to state a plausible claim for relief" on its face" that Swift was deliberately indifferent to her serious medical needs.  Iqbal, 129 S.Ct. at 1949; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).  Further, in order to proceed with a constitutional claim against Swift under Bivens, Plaintiff must also have commenced her action within three years from when she was on notice of the existence of her claim.  See Mitchell, 472 U.S. at 530 [Case law involving § 1983 claims is applicable in Bivens actions]; Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) [Statute of limitations for § 1983 claim is the analogous state statute of limitations governing personal injury actions]; S.C.Code Ann. § 15-3-530 (5) [Personal injury statute of limitations in South Carolina is three years].

Therefore, Plaintiff must have brought her Bivens action against Dr. Swift within three years after she knew, or by the exercise of reasonable diligence should have known, that she

7



had a cause of action. S.C.Code Ann. § 15-3-535. Dr. Swift argues in his motion to dismiss that since Plaintiff did not file her Complaint with this Court until October 8, 2013, over four years after she learned of the allegedly improper actions by Dr. Swift, her claims are barred by the applicable statute of limitations and must be dismissed. After careful review of the allegations of the Complaint as well as Plaintiff's response to the Defendants' motions to dismiss with attached exhibits,[7] the undersigned is constrained to agree that Plaintiff failed to timely file her Bivens claim against this Defendant.

Plaintiff alleges in her Complaint that she had a hysterectomy performed at the VA in December 2001, and that she "found out in 2009 that they had removed my left ovary without my knowledge . . . .". Although Plaintiff does not specify in her Complaint what date in 2009 she discovered the alleged medical error, she references receiving a report from ImageCare containing this information. In her response to the motions to dismiss, Plaintiff discusses having been provided with a pelvic sonogram from ImageCare dated June 26, 2009 showing that her left ovary was "not identified and may be surgically absent".[8] The three year statute of limitations from June 26, 2009, expired on June 26, 2012.

Although Plaintiff's exhibits indicate that she did not receive a final denial letter regarding her claim she filed with the VA relating to this matter until 2013, that is not when her

---

[7]Since the Defendants have not challenged the authenticity these exhibits, and in light of Plaintiff's pro se status, the undersigned has considered Plaintiff's attached exhibits as part of the consideration of the Defendants' motions to dismiss as being integral to the allegations of the Complaint. Cf. Am. Chiropractic Assn. v. Trigon Health Care, Inc., 367 F.3d 212, 234 (4th Cir. 2004); Phillips v. LCI Int'd., Inc., 190 F.3d 609, 618 (4th Cir. 1999).

[8]Plaintiff also provided as one of her exhibits a copy of the ImageCare sonogram bearing this date. See Plaintiff's Exhibit D.

8



statute of limitations started to run. See McCorvey v. United States, No. 12-757, 2014 WL 4594475 at * 7 (S.D.Ala. Sept. 11, 2014) [Although the Plaintiff filed an administrative tort claim with the VA under the FTCA, his administrative claim was not a prerequisite to his constitutional claims against the VA employees and, thus, the administrative claim did not serve to toll the limitations period applicable to those claims.]; Molina-Acosta v. Martinez, 392 F.Supp.2d 201, 219-20 (D.P.R. 2005) ["[T]he administrative proceeding pursuant to the FTCA did not equitably toll the limitations period to present a Bivens complaint."].  Rather, her limitations period began to run when she had knowledge of facts sufficient to put her on notice of the existence of the cause of action against Dr. Swift; True v. Monteith, 489 S.E.2d 615, 617 (S.C. 1997); Epstein v. Brown, 610 S.E.2d 816, 821 (S.C. 2005); and Plaintiff's filings reflect that she had knowledge of facts sufficient to put her on notice of the existence of a cause of action in 2009, because she specifically alleges in her Complaint that she found out in 2009 and her own exhibits show that she commenced her claims process with the VA shortly thereafter (Plaintiff's Exhibit E reflects that she filed a claim for service connected compensation, which included the claim of removal of her left ovary by, at the latest, February 26, 2010).[9]  See Plaintiff's Exhibit E.

  Therefore, the applicable three year statute of limitations bars this Bivens action against Dr. Swift and deprives this Court of subject matter jurisdiction of this claim, thereby requiring its dismissal.

---

[9]Even if the Court were to consider Plaintiff's filed claim of February 26, 2010 as being her limitations date, the three year statute of limitations for filing this lawsuit would have expired on February 26, 2013, eight months before Plaintiff filed her Complaint.

9



## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 19, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

