IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2015 APR -1  P 2: 10

| | |
|---|---|
| Phyllis Lavern Allen, ) | |
| ) | No: 2:13-cv-2740-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America and Steven Swift, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 51.) For the reasons set forth below, the Court agrees with and ADOPTS the R&R as the order of the Court.

## I. BACKGROUND

This case is a civil action filed by Plaintiff Phyllis Lavern Allen, *pro se*. For the purposes of this motion to dismiss, the Court assumes the facts alleged in the Complaint are true, construes the facts in Plaintiff's favor and draws all inferences in Plaintiff's favor. In December 2001, Plaintiff underwent a hysterectomy for the treatment of uterine fibroids at the Ralph H. Johnson Department of Veteran Affairs Medical Center (VA Medical Center) in Charleston, South Carolina. (Dkt. No. 1 at 2–3.) In 2009, Plaintiff learned that the VA Medical Center removed her left ovary during the hysterectomy "without [her] knowledge," and did not provide treatment for the removal. (*Id.* at 2.)

Plaintiff was then diagnosed with severe depression. (*Id.*) According to Plaintiff, she did not understand why she was "having hot flashes, anxiety, [and] crying all the time." (*Id.* at 3.) After having blood work taken by Defendant Dr. Steven Swift (Dr. Swift) and his team, Plaintiff was told that her symptoms were "classic symptoms of menopause." (*Id.*) Plaintiff alleges that

1

she was then placed on the wrong medication because Defendants did not "want to admit what they did." (*Id.*) Plaintiff asserts that Defendants "took her livelihood from [her]." (*Id.*) She seeks monetary damages and asks the Court to "remove the unemployability." (*Id.* at 5.)

Plaintiff filed suit against the Department of Veteran Affairs on October 8, 2013. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. After conducting an initial review, the Magistrate Judge issued an R&R recommending dismissal to the extent Plaintiff's claims were brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because *Bivens* claims cannot be brought against agencies of the Federal Government. (Dkt. No. 9 at 2–3.) The Magistrate Judge further recommended that, to the extent Plaintiff's claims were brought under the Federal Tort Claims Act (FTCA), dismissal was proper because there were no allegations that Plaintiff had exhausted her administrative remedies prior to filing suit, as required by the FTCA. (*Id.* at 4.)

This Court then issued an order stating that "the United States of America [would] be substituted for the Department of Veterans Affairs" as the defendant for purposes of the FTCA claim. (Dkt. No. 18 at 1.) As for Plaintiff's *Bivens* claim, the Court advised Plaintiff that she must amend her Complaint to add the individual defendant(s) who Plaintiff believed violated her rights. (*Id.* at 1–2.) Thereafter, the Court granted Plaintiff's motion to amend her Complaint to add Dr. Swift as a defendant. (Dkt. No. 24.)

Defendants moved for dismissal on September 30, 2014. (Dkt. Nos. 41; 42.) Plaintiff then filed a response opposing the motions. (Dkt. No. 49.) The Magistrate Judge then issued the present R&R recommending the Court grant Defendants' Motions to Dismiss. (Dkt. No. 51 at 10.) The Magistrate Judge first found that, because Plaintiff did not file "an affidavit of an

2

expert witness together with her Complaint," she failed to satisfy a mandatory prerequisite to the filing of a malpractice claim asserted under the FTCA, and Plaintiff's FTCA claim should therefore be dismissed. (*Id.* at 6.) The Magistrate Judge then recommended the dismissal of Plaintiff's *Bivens* claim, finding that Plaintiff failed to bring her claim within the applicable three year statute of limitations. (*Id.* at 7–9.) Plaintiff filed a timely written objection to the Magistrate Judge's R&R (Dkt. No. 53), to which Defendants responded. (Dkt. No. 54.)

## II. LEGAL STANDARDS

### A.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the

3

complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

## B.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

4

adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## III. DISCUSSION

### A.   FTCA Claim

The Court agrees with the Magistrate Judge's finding that Defendants are entitled to dismissal of the FTCA claim because Plaintiff failed to file with her Complaint an expert affidavit identifying "at least one negligent act or omission claimed to exist." *See* S.C. Code Ann. § 15-36-100 (in order to pursue a malpractice claim in South Carolina, a plaintiff is first required to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit"); *Rotureau v. Chaplin*, No. 2:09-cv-1388, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009) (dismissing "plaintiff's malpractice claim without prejudice as a result of plaintiff's failure to comply with [S.C. Code Ann.] § 15-36-100"). Indeed, Plaintiff has offered no indication that she has procured the required expert affidavit or intends to procure one at a future date.

### B.   *Bivens* Claim

The Court also agrees with the Magistrate Judge's finding that Plaintiff's failure to file her *Bivens* claim within three years of learning of the alleged improper actions by Dr. Swift warrants dismissal of this claim. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (applying § 1983 case law to analyze plaintiff's *Bivens* claim); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161–1162 (4th Cir. 1991) (statute of limitations for § 1983 claim is the analogous state statute of limitations governing personal injury actions); S.C. Code Ann. § 15-3-530(5) (personal injury statute of limitations in South Carolina is three years).

5

Plaintiff's objections do not alter this result. Plaintiff appears to argue that the statute of limitations only began to run in April 15, 2013, when she received a final denial letter regarding her claim with the VA Medical Center. (Dkt. Nos. 53 at 1; 53-1 at 5.) However, South Carolina law provides that the statute of limitations begins to run when a plaintiff has knowledge of facts sufficient to put her on notice of the existence of a cause of action. *See True v. Monteith*, 489 S.E.2d 615, 616 (S.C. 1997) ("Under § 15-3-535, the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another."); *see also McCorvey v. United States*, 2014 WL 4594475, at *6 (S.D. Ala. Sept. 11, 2014) (noting that "*Bivens* claims and FTCA claims are different causes of action governed by different statutes of limitations," and therefore a plaintiff's administrative claim will not serve to toll the limitation period applicable to the *Bivens* claims). Therefore, the statute of limitations began to run on June 26, 2009, the date Plaintiff was provided with a pelvic sonogram showing that her left ovary was "not identified and may be surgically absent." (Dkt. Nos. 49 at 1; 49-1 at 4.) Regardless, the fact that Plaintiff filed a claim with the VA Medical Center for the removal of her left ovary on February 26, 2010, (Dkt. No. 53-1 at 1) indicates that Plaintiff had notice of her *Bivens* claim more than three years prior to filing her claim in this Court. (Dkt. No. 1.) Thus, Plaintiff's objections are unavailing.

## IV. CONCLUSION

For the reasons set forth above, the Court agrees with and **ADOPTS** the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 51.) Accordingly, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

6

_____
Richard Mark Gergel
United States District Court Judge

April 1, 2015
Charleston, South Carolina

7